IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HIRAM SUAREZ-LINARES,

Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant

CIVIL 12-1653 (JA)

OPINION AND ORDER

Plaintiff suffered a fall at his home on September 21, 2007 and broke his left wrist. He was operated on four days later. Because of complications, a fracture malformation, another operation was performed and a metal plate surgically inserted weeks later. Plaintiff, who is right handed, filed for social security disability benefits on October 3, 2008, which initial application was denied. Having exhausted the administrative process, and having been denied benefits throughout, he filed a petition for review of the final decision of the Commissioner of Social Security which denied his application for a period of disability and Social Security disability insurance benefits.

The case was transferred to me on August 27, 2012, pursuant to the authority of 28 U.S.C. § 636(c). (Docket No. 5). The answer to the complaint was filed on January 3, 2013 (Docket No. 8).

Plaintiff filed a memorandum against the final decision of the Commissioner of Social Security on June 6, 2013. (Docket No. 11). The defendant filed a memorandum in support of the final decision on July 2, 2013 (Docket No. 12).

CIVIL 12-1653 (JA)                                    2

The only issue for the court to determine is whether the final decision that plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole. In order to be entitled to disability insurance benefits, plaintiff must establish that he was disabled under the Social Security Act at any time on or before December 31, 2007, the date plaintiff last met the earnings requirements for disability benefits under the Act. (Tr. at 22); see Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 n.3 (1st Cir. 1987).

After evaluating the evidence of record, administrative law judge Glenn G. Meyers entered the following findings on May 14, 2010:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.
2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 21, 2007, through his date last insured of December 31, 2007. (20 CFR § 404.1571 et seq.).
3. Through the date last insured, the claimant had the following severe impairment: s/p fracture of left wrist with residuals (20 CFR § 404.1520(c)).
4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR § 404.1520(d), 404.1525 and 404.1526).
5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except left hand limited to gross manipulation.
6. Through the date last insured, the claimant was capable of performing past relevant work as assistant manager in a bank. This work did not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
7. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 21, 2007, the alleged onset date, through December 31, 2007, the date last insured (20 CFR § 404.1520(f)).

Tr. at 20-24.

CIVIL 12-1653 (JA)                                        3

In the court's review of a Social Security final decision, the factual findings of the Commissioner are conclusive if supported by "substantial evidence" in the record. See Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting 42 U.S.C. § 405(g)). "Substantial evidence" is more than a "mere scintilla," see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971), in other words, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.; see also Currier v. Sec'y of Health & Human Servs., 612 F.2d 594, 597 (1st Cir. 1980).

Plaintiff has the burden of proving that he has become disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 138, 107 S.Ct. 2287 (1987). A finding of disability requires that plaintiff be unable to perform any substantial gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months. See 42 U.S.C. § 416(i)(1). In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits. There must be a causal relationship between such impairment or impairments and plaintiff's inability to perform substantial gainful activity. See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986). Partial disability does not qualify a claimant for benefits. See Rodríguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965); Rodriguez-Gonzalez v. Astrue, 854 F.2d 176, 179 (D.P.R. 2012); Hatcher v. Comm'r of Social Sec., 770 F.2d 452, 455 (D.P.R. 2011).

The finding of the Commissioner in this case reflects an application of step four of the sequential evaluation process. See 20 C.F.R. § 404.1520(e). At step

CIVIL 12-1653 (JA)                              4

four the initial burden is on the claimant to show that he can no longer perform his former work because of his impairment(s).  Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996); see Santiago v. Sec'y of Health & Human Servs., 944 F.2d 1, 5 (1st Cir. 1991).  Thence, the Commissioner must compare the physical and mental demands of the past work with the current functional capability.  See 20 C.F.R. § 404.1560(b).  At this stage, the administrative law judge is entitled to credit a claimant's own description of his former job duties and functional limitations but has some burden independently to develop the record.  See Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d at 17; Santiago v. Sec'y of Heath & Human Servs., 944 F.2d at 5-6; Mercado v. Commissioner of Social Security, 767 F. Supp. 2d 278, 281 (D.P.R. 2010).  The administrative law judge, or adjudicator, makes a residual functional capacity assessment by weighing all of the relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p.

Plaintiff argues in his memorandum of law that the administrative law judge did not adequately consider the record as a whole because of reliance on and the reference to the void of evidence after January 2009. (Docket No. 11 at 6-7). Plaintiff considers this determination to be completely erroneous since it is a far stretch from the end of the insured period ending December 31, 2007. (Docket No. 11 at 7-8).  Plaintiff argues further that the administrative law judge erred in determining that he had the residual functional capacity for performing his past relevant work assistant manager based on the testimony of the vocational expert, without posing adequate hypothetical questions.  He complains of the Avery analysis of the administrative law judge and insists that the administrative law judge failed to give valid reasons why plaintiff's allegations were not credible. He

CIVIL 12-1653 (JA)                           5

complains of the lack of questions geared to the <u>Avery</u> factors, described below. Plaintiff requests that the final decision be revoked.

The Commissioner argues that the objection to the administrative law judge's statement that there is nothing in the record after January 2009 has no bearing on the decision that plaintiff failed to establish disability prior to December 31, 2007, the date last insured.  The Commissioner also argues that plaintiff's own testimony supports the finding of the Commissioner that the physical residual functional capacity is limited to gross manipulation with the left hand. (Tr. at 22-23).  The Commissioner emphasizes that at step four of the sequential evaluation, a claimant may be found not disabled if he can perform his past relevant work as generally performed or actually performed, and the vocational expert was obviously familiar with the requirements of the job of assistant manager as generally performed, and also as actually performed since plaintiff includes his explanation of his duties in the record.

Plaintiff has the following severe physical impairment: s/p fracture of left wrist with residuals. (20 C.F.R. 404.1520(c)).  There are no mental limitations or physical limitations aside from the ones caused by the left wrist injury.

At the April 22, 2010 administrative hearing before administrative law judge Glenn Meyers, plaintiff, then 62, testified that he had an accident on September 21, 2007 where his ". . .arm was torn in two." (Tr. at 32).  He underwent surgery four months later and has had no other surgery on the arm.  He testified that he has lost strength in the left arm, he cannot lift equipment or push. The left arm is also thinner than the right arm.  He constantly feels internal throbbing. Two of his fingers are numb and appear to be getting deformed.  (Tr. at 323).   As to daily activities, plaintiff owns a jeep with manual transmission and he cannot drive

CIVIL 12-1653 (JA)                                6

it. It has been parked for two years. He cannot do any manipulative movement with his left hand. He cannot sleep and has to sleep on his right side, getting up two or three times a night.

Plaintiff wears long sleeve shirts most of the time because people comment on how his left arm is thinner than the right arm. He wears an arm brace most of the time since it stabilizes his hand. (Tr. at 34). He can untie and tie his shoes "a little bit." He can button and unbutton his shirt with the right hand only. He can hold meat with the left hand and cut it with the right hand. (Trat 35). Basically, he cannot do anything with his left hand.

Vocational expert Dr. Marieva Puig, Ph.D., testified regarding the requirements of plaintiff's past relevant work as manager, assistant which is characterized as being skilled, and having light physical demand. (Tr. at 37). Plaintiff also worked as a loan officer. Plaintiff's dominant hand is his right hand. The vocational expert testified that plaintiff had no mental limitations and that in her opinion plaintiff could not perform the duties of loan officer because of the large amount of clerical work involved, but that he could perform the duties of a manager, assistant, as defined in the Dictionary of Occupational Titles, referred to as the DOT. (Tr. at 39).

## A. MEDICAL EVIDENCE

Plaintiff was injured in an accident at home and suffered a displaced fracture of the distal radius, undergoing a closed reduction operation (realigning the bones from the outside) four days later, under general anesthesia. (Tr. at 222). There were complications. In January 2008, plaintiff underwent an osteotomy (where the bone is rebroken and recast) with the insertion of a metallic fixation device. Subsequently, plaintiff underwent a total of 45 sessions of physical therapy

CIVIL 12-1653 (JA)                              7

although he discontinued them in late December, 2007 (four out of 10 remained) and in August 2008.  (Tr. at 74, 75, 76, 89, 257, 101, 102, 270, 265, 269).  Progress notes dated May 20, 2008 reflected notable improvement in the range of movement of the left wrist and recommended a repeat of the physical therapy course.  (Tr. at 85).

     A radiologist report by Dr. Rafael Grovas Porrata, M.D. dated January 29, 2008 mentions a side plate with multiple surgical screws fixating a fracture of the distal radius.  The fracture fragments are in anatomical alignment.  There is a narrowing of the radiocarpal joint.  There is subchondral cyst formation involving the ulnar styloid with subtle subchondral cyst formation as well involving the carpal bones.  Bony osteopenia is present.  There is soft tissue swelling.  (Tr. at 240).  Another radiologist report dated February 19, 2008 contained similar results. (Tr. at 239). Yet another radiologist report, this one by Dr. Caroline Rodriguez Ferrer, reflects s/p upper reduction and internal fixation of a fracture of the distal radius.  There is deformity of the distal ulna.  Profound osteopenia is noted.  No periarticular osteopenia is noted. (Tr. at 238).

     On December 19, 2008, Dr. Gilberto Fragoso noted that the fracture was healed by April 11, 2008 "...so [] was severe but did no[t] last 12 months..." and no sequelae was expected. (Tr. at 289).  Dr. Idalia Pedroza noted in a case evaluation dated May 12, 2009 that by June 2008,  there was no evidence of joint contracture.  There was good muscle tone, and no evidence of muscle atrophy.  The severity assessment at the initial level was adopted  (Tr. at 295) (at the initial level, the condition was considered not severe).   There is a report dated January 21, 2009 by Dr. Jacobo Quinones Bayron who diagnosed left wrist distal radius fracture surgical fixture and alignment.  His recommendation was to continue the

CIVIL 12-1653 (JA)                                8

physical therapies to determine if the wrist at that moment was at maximum medical level of improvement to determine disability. (Tr. at 294).

Finally, an X-ray of the left wrist dated February 3, 2010, well beyond the covered period, reads as follows: "There is a metallic fixation device in relation to the distal radius. Radiocarpal relationship is preserved. There is no evidence bony displacement." (Tr. at 312).

## B. PAIN

The administrative law judge acknowledged allegations of severe disabling pain. Consequently, as the rationale reflects, the administrative law judge's analysis was governed by SSR 96-4p, SSR 96-7p, and circuit case law. See Avery v. Sec'y of Health & Human Servs., 797 F.2d 19 (1st Cir. 1986). The factors to be weighed under the correct standard are the following:

(i)     Your daily activities;
(ii)    The location, duration, frequency, and intensity of your pain or other symptoms;
(iii)   Precipitating and aggravating factors;
(iv)    The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v)     Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi)    Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii)   Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); see also SSR 96-7p.

The administrative law judge observed plaintiff at the administrative hearing and took his observations into account in making his findings. (Tr. at 23.) While not going down the list in ordinal fashion, the administrative law judge addressed

CIVIL 12-1653 (JA)                              9

all of the Avery factors (generally mentioned in SSR 96-8p), some more than others (except for vi), within the supporting rationale for the final decision. (Tr. at 23); cf. Quintana v. Comm'r of Social Security, 294 F. Supp. 2d 146, 149-50 (D.P.R. 2003).  There are numerous notations of plaintiff's pain in the record. The physical therapy reports are dated between the dates of November 14, 2007 and July 23, 2008 when he visited the Centro Rehabilitacion Fisica in San German, Puerto Rico for physical therapy. (Tr. at 181). They reveal a pain level of 2-3 (2:moderate pain; 3-4 intense pain; 5: unbearable pain) on a scale of 0-5, with 5 as the maximum level of pain. (Tr. at 77, 82, 86, 93, 98, 103, 246, 251, 254, 261, 266, 271). The pain was described by plaintiff as constant. Plaintiff notes that he was on prescribed medication for pain. In early 2008, plaintiff was taking Advil, Aleve, Ibuprofen (over-the-counter analgesics) and Endocet (a compound of acetaminophen and oxycodone) for pain, the later two prescribed by Dr. Jose A.Cancio-Berrios, orthopedic surgeon. (Tr. at 183).

C. VOCATIONAL EXPERT: DICTIONARY OF OCCUPATIONAL TITLES

Commonly vocational experts at social security administrative hearings refer to the Dictionary of Occupational Titles (DOT) during their testimony, and just as commonly, administrative law judges rely on such testimony in making disability determinations as was done here. While plaintiff was represented by counsel at the administrative hearing, the vocational expert's testimony went unchallenged in her conclusion that plaintiff could not perform the duties of loan officer (code 241.367-018) which required a great amount of writing whereas assistant manager (code 186.167-070)[1] did not require so much writing and entailed other

---

[1] Prior to his retirement from the bank industry on June 1, 2002, plaintiff worked as an assistant bank manager, a job he held since 1997. (Tr. at 178).

CIVIL 12-1653 (JA)                              10

duties.  While the conflict of apparent duties as performed and as defined in the DOT may seem clear, it was not apparent at the hearing and does not reach the level of injury to the substantial evidence rule which would welcome remand. See e.g. Merritt v. Astrue, 872 F. Supp.2d 742, 756-57 (N.D. Ill. 2012).  The vocational expert was clearly aware of the requirements of both of plaintiff's past relevant jobs in favoring one over the other in terms of their requirements and the required performance of the left wrist.  To more fully develop the record, the administrative law judge was not required to formulate hypothetical questions regarding the duties of an assistant bank manager, duties which are described in the DOT, and duties as performed which plaintiff also described in the record. (Tr. at 63-64).

It is clear that the administrative law judge was not required to weigh the evidence in this case and then determine that plaintiff was disabled under the Act. Furthermore, the administrative law judge was entitled to observe plaintiff at the hearing, and his demeanor did not reflect any extreme discomfort or distress during the hearing, see Frustalgia v. Sec'y of Health & Human Svcs., 829 F.2d 192, 195 (1st Cir. 1987), this notwithstanding the fact that he wore a wrist brace apparently prescribed by Dr. Cancio in either 2007 or February 2008. (Tr. at 220).

### D. CONCLUSION

After reviewing the same record reviewed by the administrative law judge, I conclude that the final decision reflects a reasonable balancing and weighing of the evidence and the making of credibility determinations. See Gray v. Heckler, 760 F.2d 369, 374 (1st Cir. 1985); Tremblay v. Sec'y of Health & Human Servs.,

---

The job is classified as light and skilled work by the DOT.

CIVIL 12-1653 (JA)                                    11

676 F.2d 11, 12 (1st Cir. 1982); Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981); Rodriguez-Gonzalez v. Astrue, 854 F. Supp. 2d at 185.  Further, the power to resolve conflicts in the evidence lies with the Commissioner, not the courts. Id.; see Barrientos v. Sec'y of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987).  In the resolution of such conflicts, I cannot say that the substantial evidence rule has been violated.  The mention of the absence of medical evidence after January 2009 is given some weight in plaintiff's memorandum, and also gives cause to pause on judicial review, but again, the substantial evidence rule trumps reliance on such a detail. Nevertheless, sometimes evidence outside the period of coverage or possible disability eligibility may be relevant to a determination of disability within a covered period.

Plaintiff alleges debilitating pain and it is reasonable to conclude that the evidence as a whole does not support such a determination.  Plaintiff alleges that he can do nothing with his left hand.  The evidence of record, including range of motion studies and the details of his physical therapy sessions, contradict that statement.  The physical therapy evaluations reflect poor muscle strength in the fingers of the left hand.  Plaintiff has noted that he cannot lift or hold heavy objects (Tr. at 215). Plaintiff's allegations when compared to his own description of daily activities (such as driving, dressing or cutting meat), the self-described pain levels included in the physical therapy evaluations, the medical report of Dr. Pedroza dated May 12, 2009 (Tr. at 295) and Dr. Fragoso dated December 19, 2008 (Tr. at 289), the generally conservative nature of the pain medication (over-the-counter) except for Endocet (prescribed by the orthopedic surgeon and no longer being taken), the allegation of atrophy but lack of atrophy in the medical

CIVIL 12-1653 (JA)                                    12

record (Tr. at 295), lead to the conclusion that the final decision is reasonable. If there is a substantial basis in the record for an administrative law judge's decision, the court must affirm the decision, whether or not another conclusion is possible.  See Ortiz v. Sec'y of Health & Human Svcs., 955 F.2d 765, 769 (1st Cir. 1991).  Such a possibility need not be considered with this record.

In view of the above, I find that the administrative law judge has complied with the requirements of the substantial evidence rule.  See Richardson v. Perales, 402 U.S. at 401.   I therefore affirm the final decision of the Commissioner of Social Security and dismiss this action.  The Clerk will enter judgment accordingly.

At San Juan, Puerto Rico, this 17th day of July, 2013.


                                        S/ JUSTO ARENAS
                                   United States Magistrate Judge